United States District Court
Southern District of Texas
**ENTERED**
December 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ARMANDO RAZO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:17-CV-00352 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## ORDER & OPINION

The Court now considers State Farm Lloyds' ("Defendant") motion for summary judgment.[1] After duly considering the record and relevant authorities, the Court **GRANTS** the motion.

### I. BACKGROUND

Armando and Guadalupe Razo ("Plaintiffs") entered into a residential property insurance contract with Defendant on July 28, 2013 which provided coverage until July 28, 2014.[2] A storm allegedly occurred on or about May 28, 2014, damaging Plaintiffs' covered residence,[3] and Plaintiffs submitted a claim to Defendant on July 1, 2014.[4] Defendant completed two inspections of Plaintiffs' property, ultimately submitting a decision letter to Plaintiffs containing $6,023.54 on April 3, 2015,[5] and never altering its decision thereafter. Plaintiffs were dissatisfied with this payment.

---

[1] Dkt. No. 13.
[2] Dkt. No. 13-1 p. 4 (insurance contract); *see also* Dkt. No. 1-2 ¶ 7 (Plaintiff's original petition).
[3] Dkt. No. 1-2 ¶ 8.
[4] Dkt. No. 13-2 ¶ 5.
[5] Dkt. No. 13-11.

Plaintiffs filed the instant lawsuit in state court on August 23, 2017,[6] and the case was removed to federal court on September 15, 2017.[7] Plaintiffs moved for remand on October 11, 2017 on the grounds that the amount in controversy did not exceed $75,000.00,[8] but the Court denied this motion on October 1, 2017.[9] Defendant subsequently amended its answer with leave of Court on November 11, 2017, pleading the statute of limitations as one of its affirmative defenses.[10] Defendant thereafter filed the instant limitations-based motion for summary judgment on November 13, 2017,[11] and Plaintiffs never responded, rendering the motion unopposed by operation of the Local Rules.[12] The Court now turns to its analysis.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "A fact is 'material' if its resolution could affect the outcome of the action,"[14] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[15] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[16]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[17] but is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the

---

[6] Dkt. No. 13-16 p. 6.
[7] Dkt. No. 1.
[8] Dkt. No. 5.
[9] Dkt. No. 7.
[10] Dkt. No. 12 ¶ 26.
[11] Dkt. No. 13.
[12] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas.
[13] Fed. R. Civ. P. 56(a).
[14] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[15] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[16] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[17] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

absence of evidence.[18] The non-movant must then demonstrate the existence of a genuine issue of material fact.[19] This demonstration must specifically indicate facts and their significance,[20] and cannot consist solely of "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation[.]"[21]

In conducting its analysis, the Court may consider evidence from the entire record, viewing that evidence in the light most favorable to the non-movant.[22] Rather than combing through the record on its own, however, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[23] Parties may cite to any part of the record, or bring evidence in the motion and response.[24] By either method, parties need not proffer evidence in a form admissible at trial,[25] but must proffer evidence substantively admissible at trial.[26]

### III. ANALYSIS

As an initial matter, Defendant has not waived its limitations defense by virtue of its failure to plead this affirmative defense in its original answer.[27] Rule 8(c) requires a defendant to affirmatively plead its limitations defense, and thus the general rule is that such a failure constitutes waiver of the defense.[28] However, such a failure can be cured by subsequent

---

[18] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[19] *See Celotex Corp.*, 477 U.S. at 323.
[20] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[21] *U.S. ex rel. Farmer v. City of Hous.*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[22] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[23] *See* Fed. R. Civ. P. 56(e).
[24] *See* Fed. R. Civ. P. 56(c).
[25] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[26] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("[T]he evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[27] *See* Dkt. No. 1-4 (Defendant's original answer does not contain the affirmative defense of statute of limitations).
[28] Fed. R. Civ. P. 8(c); *see In re Hinkley*, 58 B.R. 339, 347 (Bankr. S.D. Tex. 1986), aff'd, 89 B.R. 608 (S.D. Tex. 1988), aff'd sub nom. *Hinkley v. Robinson*, 875 F.2d 859 (5th Cir. 1989).

amendment.[29] Here, Defendant cured its failure by subsequent amendment,[30] and thus has not waived its limitations defense.

The defendant bears the burden of proof to establish its limitations defense.[31] Limitations begins accruing "when facts come into existence that authorize a party to seek a judicial remedy."[32] In the insurance context, this is accomplished when the insurer sends a decision letter to the insured (*i.e.*, denying the claim outright or including payment the insured disagrees with), so long as the insurer never actually changes its position on the matter at a later time.[33] This is so regardless of whether the insurer's letter expressly states that the claim/claim file is closed.[34] Here, Defendant sent its decision letter to Plaintiff enclosed with payment in the amount of $6,023.54 on April 3, 2015,[35] never later changing its position on the matter. Thus, Plaintiffs' claims against Defendant began accruing on April 3, 2015.

### A. *Breach of contract*

Under Texas law, "the statute of limitations for a breach of contract action is four years from the day the cause of action accrues."[36] However, this limitations period may be contractually modified, so long as the agreed-to period is at least two years long.[37] Here, the contract at issue provides for a limitations period of two years and one day from the date

---

[29] *Id*. (citing *Combee v. Shell Oil Co.*, 615 F.2d 698, 700 (5th Cir.1980); *Dunn v. Koehring Co.*, 546 F.2d 1193 (5th Cir. 1977) modified on other grounds, 551 F.2d 73 (5th Cir. 1977)).
[30] Dkt. No. 12 ¶ 26 (pleading its statute of limitations defense in its amended answer).
[31] *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005) ("A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense . . . .").
[32] *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).
[33] *Castillo v. State Farm Lloyds*, 210 Fed. Appx. 390, 393–94 (5th Cir. 2006).
[34] *Id*. at 393.
[35] Dkt. No. 13-16 p. 6.
[36] *Spicewood Summit Office Condominiums Ass'n, Inc. v. Am. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 464 (Tex. App.—Austin 2009, pet. denied) (citing Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (West 2008); *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002)).
[37] *Spicewood Summit Office Condominiums Ass'n, Inc.*, 287 S.W.3d at 464 ("Parties may contract for a different period of time in which a party may file a breach of contract action."); *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App.—Texarkana 1997, no writ); Tex. Civ. Prac. & Rem. Code Ann. § 16.070 (West) ("[A] person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years.").

Plaintiffs' claims accrue.[38] Because Plaintiffs' claims began accruing on April 3, 2015, the contractual limitations period expired on April 4, 2017. However, Plaintiffs did not file suit until August 23, 2017[39]—over four months later. Thus, Plaintiffs' breach of contract claim is barred by limitations and must be dismissed.

### B. *Extra contractual claims*

For precisely the same reason, Plaintiffs' remaining extra-contractual claims are barred by limitations. Notably, Plaintiffs' common law bad faith, Texas Deceptive Trade Practices and Consumer Protection Act, and Texas Insurance Code Chapter 541 claims have *default* two-year limitations periods[40] (apart from the contract) which are thus independently barred given the underlying facts in the present case. In sum, all of Plaintiffs' claims against Defendant are barred by limitations.

### IV. HOLDING

For all these reasons, Defendant's motion for summary judgment is **GRANTED**. The Court will issue a final judgment separately pursuant to Rule 58.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of December, 2017.

_____
Micaela Alvarez
United States District Judge

---

[38] Dkt. No. 13-1 p. 10 ("[S]uit or action brought against us is started within two years and one day after the cause of action accrues.").
[39] Dkt. No. 13-16 p. 6.
[40] *See* Tex. Ins. Code Ann. § 541.162 (West) (setting two-year limitations period for TIC Chapter 541 claims); Tex. Bus. & Com. Code Ann. § 17.565 (West) (setting two-year limitations period for DTPA claims); *Morales v. Lloyd's*, 2016 WL 7734651, at \*6 (S.D. Tex. Mar. 30, 2016) (recognizing two-year limitations period for common law bad faith claims) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West)).